■ Solomon Friedman, Appellant, v Universal Martial Arts of America, Inc., Respondent. [723 NYS2d 373] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gigante, J.), entered June 7, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that, under the circumstances, the plaintiff, a karate student, assumed the risk of injury that was inherent in learning that sport (*see, Morgan v State of New York,* 90 NY2d 471; *Sandas v Kraemer,* 275 AD2d 364). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.

■ Susan Haran, Respondent, v Joseph Haran, Appellant. [723 NYS2d 374] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated August 11, 1999, as, after a nonjury trial on the issue of equitable distribution, valued the marital residence as of the date of the commencement of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the trial court properly valued the marital residence as of the date of the commencement of the action. "[V]aluation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony" (*Burns v Burns,* 84 NY2d 369, 375). On this record, we find that the trial court providently exercised its discretion in this matter and the determination will not be disturbed. Bracken, P. J., O'Brien, Florio and Schmidt, JJ., concur.